This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Rudolph Bilder, appeals from his conviction for disorderly conduct in the Cuyahoga Falls Municipal Court. We affirm.
On June 7, 2001, Barbara Stroup ("Stroup") filed a complaint against Defendant. Thereafter, Defendant was charged with disorderly conduct, in violation of the City of Cuyahoga Falls Codified Ordinance 509.03(A)(2). A magistrate found Defendant guilty. Defendant objected to the magistrate's decision; however, on August 30, 2001, the trial court overruled Defendant's objections and affirmed the magistrate's decision. Subsequently, the trial court sentenced Defendant accordingly. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court's judgment is against the manifest weight of the evidence and is not supported by the evidence.
In his sole assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the evidence presented by the prosecution does not support his conviction and, thus, is against the manifest weight of the evidence. Defendant's assignment of error lacks merit.
"[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Furthermore, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4.
Defendant was found guilty of disorderly conduct, in violation of the City of Cuyahoga Falls Codified Ordinance 509.03(A)(2). The City of Cuyahoga Falls Codified Ordinance 509.03(A)(2) states in relevant part: "[n]o person shall recklessly cause inconvenience, annoyance or alarm to another, by * * * [m]aking unreasonable noise of offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace[.]"
At trial, Stroup testified that on May 21, 2001, Defendant approached her shaking his fists in a "menancing" or "threatening" manner and making "unintelligible" noises.[1] She further testified that she felt scared and threatened, and quickly left the building. Stroup admitted that she did not report the incident that day, but rather waited a couple of days before discussing Defendant's actions with the assistant prosecutor of the City of Cuyahoga Falls. Finally, Stroup explained that Defendant had harassed her daily for the past year and a half and during this timeframe she had made four police reports concerning Defendant.
Denise Henry ("Henry") testified that she was with Stroup on May 21, 2001. She further stated that Defendant stood three to four feet from Stroup when making the gesture and noise. Henry described Defendant's gesture as a "boxing stance." Lastly, Henry testified that she spoke to security the following day regarding Defendant's behavior.
Defendant argued that the prosecution's witnesses were not credible. As such, Defendant asserted that the evidence did not support his conviction for disorderly conduct.
In the case sub judice, the judge had the opportunity to observe the witnesses' testimony and weigh the credibility of the testimony; therefore, we must give deference to the judge's decision. See Berger v.Dare (1994), 99 Ohio App.3d 103, 106. Upon careful review of the testimony and evidence presented at trial, we hold that the judge did not act contrary to the manifest weight of the evidence in convicting Defendant of disorderly conduct. Accordingly, Defendant's sole assignment of error is overruled.
Defendant's assignment of error is overruled. The conviction in the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR
[1] We note that Defendant has submitted an App.R. 9(C) statement in lieu of a transcript of the proceedings of the events which transpired on July 10, 2001.